# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

GLOBAL TOWER LLC,

    Plaintiff,

    v.

HAMILTON TOWNSHIP and ZONING
HEARING BOARD OF HAMILTON
TOWNSHIP,

    Defendants.

CIVIL ACTION NO. 3:10-CV-1705

(JUDGE CAPUTO)

## MEMORANDUM

Presently before this Court is Defendant Hamilton Township's Motion to Dismiss. (Doc. 9.) For the reasons discussed below, the Motion will be denied.

## BACKGROUND

Plaintiff filed its Complaint in August 13, 2010. (Doc. 1.) In its Complaint, Plaintiff alleges the following. Plaintiff helps provide personal wireless services through radio technology. (Doc. 1 ¶ 6.) Specifically, Plaintiff is a real estate company which leases real estate, constructs radio towers on it, and then sublets the use of the towers to personal wireless service providers. (Id. ¶ 7.) iPCS Wireless, Inc., doing business as "Horizon," is one of these personal wireless service providers. (Id. ¶ 8.) Plaintiff has a contract with Horizon to locate land, procure lease rights and government approvals, construct radio towers, and sublet the towers to Horizon. (Id. ¶ 15.) In furthering that end, Plaintiff's affiliate, Global Tower Assets, LLC, entered a lease agreement with Lloyd and Shirley Singer on December 16, 2008. (Id. ¶ 17.) The lease allowed them to erect a radio tower inside a 100 x 100 foot leased area on the Singer's property, located in Hamilton Township, Pennsylvania. (Id. ¶¶

18-19.)  The Singer property is in the "C" Zoning District, in which is allowed the heaviest types of development, including commercial and light manufacturing. (Id. ¶ 24.)  Radio and television towers are allowed in C Zoning Districts as a "special use." (Id. ¶ 25.)  Such a designation requires a hearing before the Zoning Board, which determines compliance with the requirements of the Zoning Ordinance. (Id. ¶ 26.)  On February 17, 2009, Plaintiff filed an application with Defendant Hamilton Township, seeking approval of its "special use" to build the Cell Tower on the Singer's property. (Id. ¶ 29.)  Defendant Zoning Hearing Board ("Zoning Board") held twenty hearings on the matter, from April 7, 2009 until June 10, 2010. (Id. ¶ 31.)  In a written decision dated July 14, 2010, Defendant Zoning Board denied Plaintiff's "special use" application, even though Plaintiff met all applicable requirements of the Zoning Ordinance for the grant of "special use" and such a grant was permissible on the leased land under the zoning laws. (Id. ¶ ¶ 32-34.)  In reaching its conclusion, Defendant Zoning Board found, among other things, that the leased area was a new "lot" requiring "subdivision," and that the leased area should therefore be subject to requirements of the Zoning Ordinance only applicable to new and distinct lots. (Id. ¶ 45.)

Plaintiff filed a Complaint against Hamilton Township and the Zoning Board of Hamilton Township on August 13, 2010.  In the Complaint, Plaintiff's allege that the Zoning Board violated § 704 of the Telecommunications Act (Counts I and II), and Plaintiff's appeal the Zoning Board's ruling (Count III).  Defendant Hamilton Township filed a Motion to Dismiss (Doc. 9) on September 10, 2010.  Defendant Hamilton Township argues that, since the decision to deny Plaintiff's "special use" application was purely within the jurisdiction of the Zoning Board, the Township and the Zoning Board are distinct legal entities, the Township has no authority to decide "special use" applications, and therefore the Township

should be dismissed from the suit. The Motion has been fully briefed by both sides and is ripe for review.

## **LEGAL STANDARD**

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, for failure to state a claim upon which relief can be granted. Dismissal is appropriate only if, accepting as true all the facts alleged in the complaint, a plaintiff has not pleaded "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), meaning enough factual allegations "'to raise a reasonable expectation that discovery will reveal evidence of'" each necessary element, *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 556); *see also Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993) (requiring a complaint to set forth information from which each element of a claim may be inferred). In light of Federal Rule of Civil Procedure 8(a)(2), the statement need only "'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (quoting *Twombly*, 550 U.S. at 555). "[T]he factual detail in a complaint [must not be] so undeveloped that it does not provide a defendant [with] the type of notice of claim which is contemplated by Rule 8." *Phillips*, 515 F.3d at 232; *see also Airborne Beepers & Video, Inc. v. AT&T Mobility LLC*, 499 F.3d 663, 667 (7th Cir. 2007).

In deciding a motion to dismiss, the Court should consider the allegations in the complaint, exhibits attached to the complaint, and matters of public record. *See Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993). The Court may also consider "undisputedly authentic" documents when the plaintiff's claims are

3

based on the documents and the defendant has attached copies of the documents to the motion to dismiss. *Id.* The Court need not assume the plaintiff can prove facts that were not alleged in the complaint, *see City of Pittsburgh v. W. Penn Power Co.*, 147 F.3d 256, 263 & n.13 (3d Cir. 1998), or credit a complaint's "'bald assertions'" or "'legal conclusions,'" *Morse v. Lower Merion Sch. Dist.,* 132 F.3d 902, 906 (3d Cir. 1997) (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1429-30 (3d Cir. 1997)). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009). When considering a Rule 12(b)(6) motion, the Court's role is limited to determining whether a plaintiff is entitled to offer evidence in support of her claims. *See Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974). The Court does not consider whether a plaintiff will ultimately prevail. *See id.* A defendant bears the burden of establishing that a plaintiff's complaint fails to state a claim. *See Gould Elecs. v. United States,* 220 F.3d 169, 178 (3d Cir. 2000).

## **DISCUSSION**

Defendant Hamilton Township will not be dismissed from the suit because it is a necessary party.

F.R.Civ. P. Rule 19 states: "A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined if . . . in the person's absence, the court cannot accord complete relief among existing parties." F.R. Civ. P. 19(a)(1). According to 53 P.S. § 10909.1(b)(2): "[t]he governing body. . . shall have exclusive jurisdiction to hear and render final adjudications in . . . all applications pursuant to section 508 for *approval of subdivisions* or land developments . . .." 53 P.S. §

4

10909.1(b)(2) (italics added). "Joinder [of cities and local governments] will be required when they will be affected by the action or adequate relief cannot be awarded in their absence." *Acierno v. Priet-Rubin, Inc.*, 199 F.R.D. 157, 162 (D.Del. 2001) (quoting 7 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 1617 (2d ed. 1986)).

According to Plaintiff's Complaint, one of the Defendant Zoning Board's central findings in denying Plaintiff's "special use" application was that the leased property on which Plaintiff wishes to build the radio tower is a "subdivision," a finding which alters the Plaintiff's obligations under the Zoning Ordinance. All subdivision approval issues are within the exclusive jurisdiction of the Defendant Hamilton Township. If this Court was to dismiss the Defendant and then determine that the Zoning Board had erred and the leased property is not a "subdivision," the Defendant could then simply turn around and declare that it is. As a result, this Court cannot grant complete relief to the parties unless the Township remains a party in this suit. Therefore, Defendant Hamilton Township's Motion to Dismiss (Doc. 9) will be denied because the Defendant is a necessary party.

## **CONCLUSION**

For the foregoing reasons, Defendant Hamilton Township's Motions to Dismiss (Doc. 9) will be denied. An appropriate order follows.

| | |
|---|---|
| 11/23/10 | /s/ A. Richard Caputo |
| Date | A. Richard Caputo |
| | United States District Judge |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

GLOBAL TOWER LLC,

    Plaintiff,

v.

HAMILTON TOWNSHIP and ZONING HEARING BOARD OF HAMILTON TOWNSHIP,

    Defendants.

CIVIL ACTION NO. 3:10-CV-1705

(JUDGE CAPUTO)

## **ORDER**

**NOW**, this 23rd day of November, 2010, **IT IS HEREBY ORDERED** that Defendant Hamilton Township's Motion to Dismiss (Doc. 9) is **DENIED**.

                                      /s/ A. Richard Caputo
                                      A. Richard Caputo
                                      United States District Judge